# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:24-cv-08633-MRA-AJR | Date:  December 26, 2024 |
| | Page 1 of 4 |

Title:   Nidal Awawdah v. Warden Ricolcol

---

**DOCKET ENTRY:** **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On October 3, 2024, *pro se* Petitioner Nidal Awawdah ("Petitioner), an inmate in the custody of the Federal Bureau of Prisons ("BOP") at FCI Victorville Med I, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (the "Petition").  (Dkt. 1.)  In the Petition, Petitioner sought a court order directing the BOP to grant her 14 months of jail credit under the First Step Act and Second Chance Act.  (Id. at 3.)  Petitioner alleged that with this additional credit awarded, she would be entitled to immediate release to a residential reentry program.  (Id.)

Petitioner filed the operative Second Amended Petition on November 20, 2024. (Dkt. 30.)  In the Second Amended Petition, Petitioner restates her request for immediate release to a residential reentry program based on earned time credit under the First Step Act and Second Chance Act.  (Id. at 1-2.)  On November 26, 2024, the Court directed Respondent Warden Ricolcol ("Respondent") to file a response to the Second Amended Petition.  (Dkt. 31.)

On December 23, 2024, Respondent filed a Motion to Dismiss or Answer (the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:24-cv-08633-MRA-AJR                       Date:  December 26, 2024
                                                                                  Page 2 of 4

Title:        Nidal Awawdah v. Warden Ricolcol

"Motion to Dismiss").  (Dkt. 33.)  In the Motion to Dismiss, Respondent explains that the "BOP recently completed its five-factor review for [P]etitioner and has designated [P]etitioner to be transferred to prerelease custody in a Residential Reentry Center on January 2, 2025."  (Id. at 5-6; Dkt. 33-1 at 4-5; Dkt. 33-2.)

Accordingly, it appears the Second Amended Petition will become moot on January 2, 2025, when Petitioner is transferred to a residential reentry program and receives the only relief she sought in this action.  See, e.g., Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir.1997) ("Because [the petitioner] has been released[,] . . . we can no longer provide him the primary relief sought in his habeas corpus petition."); Fendler v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988) (finding that release of petitioner on parole mooted his petition seeking earlier release date on the grounds contending that Parole Commission had improperly delayed his release date); Brady v. United States Parole Comm., 600 F.2d 234, 236 (9th Cir. 1979) (same); see also Picron–Peron v. Rison, 930 F.2d 773, 775-76 (9th Cir.1991) (finding petition seeking release from confinement by I.N.S. mooted by petitioner's release from custody).

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them."  De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  "Mootness is jurisdictional."  Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    2:24-cv-08633-MRA-AJR           Date:  December 26, 2024

                                                                                          Page 3 of 4

Title:        Nidal Awawdah v. Warden Ricolcol

---

      Accordingly, it appears that the Second Amended Petition will become moot on January 2, 2025 and this Court will then lack jurisdiction over the action.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** by **January 16, 2025**, why this action should not be dismissed for lack of jurisdiction based on mootness.  **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why this Court has jurisdiction to consider Petitioner's claims in the Second Amended Petition after January 2, 2025.**

      **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed for her failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b). Petitioner is also warned that under Local Rule 41-6, she must keep the Court apprised of her current address:**

> "A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

C.D. Cal., Local Rules 41-6.  Given that Petitioner is about to be released to a residential reentry program, the Court expressly advises Petitioner of the obligation to file a notice of change of address with the Court so that the Court can maintain contact with Petitioner related to this action.

\\

\\

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:24-cv-08633-MRA-AJR | Date: December 26, 2024 |
| | | Page 4 of 4 |

Title:   Nidal Awawdah v. Warden Ricolcol

---

      Finally, Petitioner is advised that if, in light of her imminent release to a residential reentry program, she no longer wishes to pursue this action, she may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

      IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).